### FLATOW *v.* VAN BREMSEN.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. OVERRULING DEMURRER—ENTRY OF FINAL JUDGMENT.
     Where the general term of the city court reverses an order of the special term overruling a demurrer, and directs final judgment for defendant to be entered unless plaintiff serve an amended complaint within a specified time, and plaintiff fails to file such complaint within that time, defendant should apply to the general term for entry of final judgment on the demurrer, and not to the special term, there being no failure of the court to direct final judgment. Code Civil Proc. § 1222.

2. SAME—CONSTRUCTION OF STATUTE.
     The provision of Code Civil Proc. § 1203, that judgment generally must be entered in the first instance pursuant to the direction of the court at a term held by one judge does not restrict the power of the general term, on appeal from a judgment so entered, to make a direction for a different judgment.

3. SAME—ENTRY OF FINAL JUDGMENT IN CASE OF AFFIRMANCE.
     The provision of Code Civil Croc. § 1224, that where an order is wholly or partly affirmed on appeal to the general term, and no issue of fact remains to be tried, the general term may, in its discretion, order final judgment, unless it permits the appellant to amend or plead over, cannot be construed to exclude the exercise of such power, in case of reversal, because of its express grant of power to the general term to render final judgment in case of affirmance.

Appeal from city court, general term.

Action by Richard Flatow against Theodore Van Bremsen. The defendant had demurred to the complaint, and the special term had overruled his demurrer, ordering judgment for the plaintiff, unless defendant answered within 20 days; and an interlocutory judgment to that effect was entered, from which defendant appealed to the general term. The judgment was reversed, and the general term sustained the demurrer, and directed final judgment to be entered for defendant, dismissing the complaint, unless plaintiff served an amended complaint within six days. An interlocutory judgment to that effect was entered at general term. The plaintiff failed to serve an amended complaint within the allotted time, and defendant thereupon applied to the special term of the city court for final judgment upon the demurrer, his motion was granted, and final judgment entered as a judgment of the special term. It is this final judgment which the city court has vacated. The case was formerly before us upon an attempted appeal from such final judgment, but the appeal was dismissed for want of jurisdiction of this court to entertain appeals from the special term of the city court. *Flatow* v. *Van Bremsen,* (Com. Pl. N. Y.) 12 N. Y. Supp. 923. Acting upon the suggestion in the opinion delivered by the general term upon that appeal, viz., that the proper final judgment to be entered was a final judgment of the general term of the city court, and that the plaintiff could apply to the city court to have the correct judgment entered, he moved the special term of that court to vacate the final judgment entered thereat as improper, irregular, and unauthorized, which motion was granted, and an order entered vacating said

judgment. From the order of the general term of the city court affirming
that order this appeal is taken. Affirmed.

For former report, see 11 N. Y. Supp. 677, 680; 12 N. Y. Supp. 923.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Foster & Stephens,* (*Geo. W. Stephens,* of counsel,) for appellant. *John P. Schuchman,* for respondent.

DALY, C. J. The final judgment of the city court upon demurrer dismiss-
ing the complaint, for failure to amend it within the time prescribed, should
have been entered as a judgment of the general term, for the general term di-
rected both an interlocutory and a final judgment to that effect, and there
was no necessity to apply again to the special term. It is only where the
court fails to direct final judgment that application must be made for it upon
motion. Code, § 1222. The direction of the general term required a final
judgment from which an appeal would lie directly to this court, and it was
irregular for defendant to disregard that direction, and report to the special
term for a similar final judgment. The irregularity deprived plaintiff of a
substantial right, viz., a direct appeal to this court, and involved the burden
of delay and the costs of a further formal appeal to the general term in order
to obtain a review of a final determination which it had already pronounced.
While section 1203 of the Code prescribes that judgment, generally, must be
entered in the first instance, pursuant to the direction of the court at a term
held by one judge, this does not restrict the power of the general term, upon
appeal from a judgment so entered, from making a direction for a different
judgment. In the case of judgment upon demurrer, where the special term in
the first instance may order an interlocutory and also a final judgment, (section
1021,) that power may be exercised by the general term upon appeal from
such interlocutory or final judgment. Where the interlocutory judgment of
the general term overrules a demurrer to a complaint, it may direct final judg-
ment to be entered upon default of answer, and, even though the action be
one in which the plaintiff could not have the relief he demanded without ap-
plication to the court, (Code, §§ 1214, 1215,) the general term may direct final
judgment for such relief, (*Smith* v. *Rathburn,* 88 N. Y. 660.)

Appellant refers us to section 1224 of the Code, which provides that, where
an order or judgment is wholly or partly affirmed upon appeal to the general
term, and no issue of fact remains to be tried, the general term may, in its
discretion, render final judgment, unless it permits the appellant to amend or
plead over; and his contention is that this express grant of power to the gen-
eral term in the case of an affirmance to render final judgment excludes its
exercise in the case of a reversal. We cannot agree with this construction.
The authority granted by the Code to the court to direct both interlocutory and
final judgment is nowhere confined to the court at special term after an ap-
peal has been taken to the general term. In the case of *Smith* v. *Rathburn,*
cited, the power of the general term to award the judgment which the special
term could have allowed is not placed upon the authority of section 1224, al-
though that was a case of affirmance. Section 1224 is not cited in the opin-
ion of the court as reported, but the position taken is that the court, whether
acting at special or general term, is the same court, and had the power to
give such judgment as it determined the party was entitled to.

The remaining questions raised by the appellant, *i. e.,* laches on the part
of the plaintiff in not moving earlier to correct the error in the entry of judg-
ment, and waiver of defect by taking an appeal from the unauthorized judg-
ment, were proper for the consideration of the city court, but as they were
not deemed sufficient, in the exercise of discretion by that tribunal, to jus-
tify a denial of the relief prayed for by the plaintiff, we cannot disturb the or-
der upon any such ground. Order affirmed, with costs. All concur.